FILED'11 APR 01 11:03USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BRIAN J. PRICE and CHRISTINE
PRICE, as husband and wife,

        Plaintiffs,

    v.

DJO, L.L.C., a Delaware corporation;
DJO, INCORPORATED, a Delaware
corporation; I-FLOW CORPORATION,
a Delaware corporation,

        Defendants.

Civ. No. 10-1278-AA
OPINION AND ORDER

AIKEN, Chief Judge:

      Plaintiffs filed suit alleging negligence and strict products liability arising from the post-operative use of a pain pump device. Plaintiffs allege that defendants I-Flow Corporation (I-Flow) and DJO, LLC (DJO) are liable based on their conduct as the manufacturer and distributor of the pain pump, and that both defendants are jointly liable under the theory of civil conspiracy. Before the court is I-Flow's motion to dismiss plaintiffs' civil conspiracy claim. The motion is denied with leave to renew after the close of fact discovery.

1 - OPINION AND ORDER

## DISCUSSION

Plaintiffs allege that immediately following arthroscopic shoulder surgery on October 15, 2003, a surgeon implanted a pain pump catheter into Brian Price's shoulder joint to administer a continuous infusion of local anesthetics for 48 hours or longer. Plaintiffs allege that this use of the pain pump caused Price to develop chondrolysis, a painful and disabling condition involving the loss of cartilage in the shoulder joint.

Plaintiffs allege claims of strict products liability, negligence, and civil conspiracy against I-Flow and DJO. Plaintiffs premise their civil conspiracy claim on an alleged agreement between I-Flow and DJO to "promote the pain pumps for orthopedic use, in violation of [Food and Drug Administration] regulations." Compl., pp. 10-11; see Osborne v. Fadden, 225 Or. App. 431, 437-38, 201 P.3d 278 (2009) (describing civil conspiracy as "a combination of two or more persons" who, through "concerted action," intend to accomplish an unlawful purpose or a lawful purpose through unlawful means); see also Bonds v. Landers, 279 Or. 169, 174, 566 P.2d 513 (1977). Plaintiffs allege that I-Flow and DJO knew that the Food and Drug Administration had not approved the pain pumps for orthopedic use, and that I-Flow and DJO nonetheless "agreed that if apprehended, they would claim that orthopedic use was included within the general use permitted by the agency - despite the fact that regulatory consultants advised that orthopedic use was not permitted." Compl. p. 11. Finally, plaintiffs allege that the purpose of DJO and I-Flow's conspiracy was to cause harm to orthopedic patients:

> I-Flow and DJO defendants acted with a primary purpose of causing injury to orthopedic patients, and consciously put orthopedic patients' safety and lives at risk by selling pain pumps to orthopedic surgeons, contrary to the FDA's directive. . . . The primary purpose of conducting an illegal experiment on the plaintiff and others like him was to cause injury to him.

2 - OPINION AND ORDER

Compl., p. 11; see Bonds, 279 Or. at 174, 566 P.2d 513 ("The primary purpose of a conspiracy *must* be to cause injury to another.") (emphasis added); Bliss v. So. Pac. Co., 212 Or. 634, 641, 321 P.2d 324 (1958) (accord).

Defendants argue that plaintiffs include the latter allegations solely to avoid dismissal of this claim pursuant to the court's prior rulings in Dean v. DJO, Civ. No. 09-1193-AA (D. Or. May 17, 2010) and Flint v. DJO, LLC, 09-1393-AA (D. Or. May 17, 2010). In Dean and Flint, the plaintiffs similarly alleged that they developed chondrolysis in their shoulder joints after the intra-articular use of pain pumps. The plaintiffs also alleged a civil conspiracy claim against I-Flow and DJO based on the same course of conduct at issue in this case. However, in Dean and Flint, the plaintiffs alleged that the purpose of I-Flow's and DJO's conspiracy was to make a profit - not to cause harm to orthopedic patients. The court dismissed the civil conspiracy claims in those cases, because under Oregon law, plaintiffs must allege and establish that the purpose of the conspiracy was to cause harm. Given that plaintiffs in this case have the same counsel as the plaintiffs in Dean and Flint, defendants argue that the allegations in this case are without factual basis and included solely to circumvent the court's rulings in Dean and Flint.

Plaintiffs respond that the court's decisions in Dean and Flint were based on incorrect interpretations of Oregon law, and that civil conspiracy does not require a plaintiff to show that the purpose of the conspiracy was to cause harm to another. Plaintiffs invite the court to reconsider and find that civil conspiracy is also available when the natural consequences of the alleged conspiracy cause harm to others. However, I adhere to my previous reasoning and interpretation of Oregon case law that a valid civil conspiracy claim requires an agreement, the primary purpose of which is to commit a tortious act against the plaintiff, i.e., to cause harm to the plaintiff. See Granewich v.

3 - OPINION AND ORDER

Harding, 329 Or. 47, 57-58, 985 P.2d 788 (1999) (those who conspire to commit a tort upon another may be held liable as joint tortfeasors); Bonds, 279 Or. at 174, 566 P.2d 513 ("The primary purpose of a conspiracy must be to cause injury to another."); Bliss, 212 Or. at 641-42, 3231 P.2d 324; Yanney v. Koehler, 147 Or. App. 269, 275, 935 P.2d 1235 (1997) ("Assuming that plaintiffs alleged that there was a meeting of the minds on that goal, the primary purpose of that agreement was not to injure plaintiffs, but to represent Clark."); see also Gilbrook v. City of Westminster, 177 F.3d 839, 856 (9th Cir. 1999); Vieux v. East Bay Reg'l Park Dist., 906 F.2d 1330, 1343 (9th Cir. 1990); Bridges v. United States Dep't of Agric., 2003 WL 25804199, at *3 (D. Or. Aug. 7, 2003) ("Oregon law establishes the elements of the tort of civil conspiracy and provides that civil conspiracy is an intentional tort...."); Noel v. Hall, 2000 WL 251709, at *7 (D. Or. Jan. 18, 2000) ("Plaintiff's allegations support a conclusion that defendant Weisser's 'primary purpose' for his conduct went beyond mere representation of his clients, but included an intent to harm plaintiff."). Even if the court was inclined to reconsider, plaintiffs unequivocally allege that the purpose of I-Flow's and DJO's alleged conspiracy was to cause harm to orthopedic patients, rendering irrelevant any discussion of the issue.

Given the evidence adduced during trial in other pain pump cases regarding defendants' actions in promoting the pain pumps, I agree with defendants that plaintiffs' civil conspiracy claim is unlikely to succeed. None of the facts presented during the previous trial suggested that DJO or I-Flow conspired to commit a tort against orthopedic patients such as Price, or that they acted for the primary purpose of causing harm. Nonetheless, I cannot take judicial notice of such facts, and at this stage of the case, the court must accept the alleged facts as true and construe all reasonable inferences in favor of plaintiffs. See Daniels-Hall v. Nat'l Educ. Ass'n, 629 F.3d 992, 998 (9th Cir.

2010); Lee v. Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001); Fed. R. Evid. 201. So construed, plaintiffs' allegations are "plausibly suggestive of a claim entitling [plaintiffs] to relief," Moss v. United States Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009), even if "recovery is very remote and unlikely." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007) (internal quotation marks and citation omitted). Once fact discovery is complete, I-Flow may seek dismissal of this claim.

However, I grant I-Flow's motion to strike plaintiffs' prayer for attorney fees. Plaintiffs allege no basis to support an award of fees if they prevail. Rather, plaintiffs' contend that their prayer for attorney fees is permissible as a preservation of their right to seek fees for discovery abuses or other similar conduct by defendants. However, should defendants' actions during this case warrant the imposition of fees as a sanction, plaintiffs can move for an award of fees at the appropriate time.

## CONCLUSION

I-Flow's Motion to Dismiss (doc. 31) is DENIED with leave to renew after the close of fact discovery. I-Flow's Motion to Strike plaintiffs' prayer for attorney fees is GRANTED. The request for oral argument is denied as unnecessary.

IT IS SO ORDERED.

DATED this 31 day of March, 2011.

_____
Ann Aiken
United States District Judge

5 - OPINION AND ORDER